IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAVANCE WHITE,<br><br>  Plaintiff,<br><br>v.<br><br>OFFICER D. BROWN #15887, OFFICER J. FRANKLIN #15170, OFFICER A. RAYMOND #129, UNKNOWN DEFENDANT OFFICERS, and the CITY OF CHICAGO,<br><br>  Defendants. | No. |

FILED
FEBRUARY 13, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PH  08 C 915

JUDGE ANDERSEN
MAGISTRATE JUDGE SCHENKIER

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit OFFICER D. BROWN #15887, OFFICER J. FRANKLIN #15170, OFFICER A. RAYMOND #129, and UNKNOWN DEFENDANT OFFICERS, hereinafter, the "DEFENDANT OFFICERS", and the CITY OF CHICAGO.

### JURISDICTION

1.  The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### PARTIES

2.  PLAINTIFF is a resident of the State of Illinois and of the United States.

3.  The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

1

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein). At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5. On or about March 25, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

6. On or about March 25, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

8. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

9. On March 25, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

11.     On or about March 25, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

12.     Upon information and belief, OFFICER D. BROWN #15887, on March 25, 2007, came into physical contact with PLAINTIFF.

13.     Upon information and belief, OFFICER J. FRANKLIN #15170, on March 25, 2007, came into physical contact with PLAINTIFF.

14.     Upon information and belief, OFFICER A. RAYMOND #129, on March 25, 2007, came into physical contact with PLAINTIFF.

15.     Upon information and belief, UNKNOWN OFFICERS on March 25, 2007, came into physical contact with PLAINTIFF.

**CONSPIRACY**

16.     Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

   a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

   b. agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

   c. generating false documentation to cover-up for their own and each other's misconduct.

17.     In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about March 25, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the

3

allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

## EQUAL PROTECTION

18. The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

19. In connection with the Equal Protection Claim, PLAINTIFF is a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

## *MONELL* ALLEGATIONS

20. It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

    a. generate false documentation to cover-up for the misconduct of fellow police officers;

b. engage in acts of false arrest, fabrication of evidence, malicious, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

c. fail to properly discipline officers from said police department who have committed act(s) of false arrest, fabrication of evidence, malicious, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

d. fail to properly investigate a complaint of false arrest, fabrication of evidence, malicious, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a CITY OF CHICAGO police officer upon another;

e. fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of false arrest, fabrication of evidence, malicious, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

f. allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, fabrication of evidence, malicious, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

g. fail to provide adequate sanctions/discipline to officers who commit false arrest, fabrication of evidence, malicious, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or

5

    significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

j. fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

k. fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l. fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

m. fail to properly investigate officers who commit acts of false arrest, fabrication of evidence, malicious, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n. fail to take proper remedial action with officers who commit acts of false arrest, fabrication of evidence, malicious, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

o. fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, fabrication of evidence, malicious, misrepresentation of facts significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

21. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

22. A code of silence exists between officers of the Defendant Municipality. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

## COUNT I
## §1983 False Arrest

23. PLAINTIFF re-alleges paragraphs 1 – 22 as though fully set forth herein.

24. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

25. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### False Arrest –State Claim

26. PLAINTIFF re-alleges paragraphs 1 – 22 as though fully set forth herein.

27. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

28. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

   WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### Malicious Prosecution - State Claim

29. PLAINTIFF re-alleges paragraphs 1 – 22 as though fully set forth herein.

30. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

31. The DEFENDANT OFFICERS engaged in this effort without probable cause.

32. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

33. The underlying criminal charges were resolved in a manner indicative of innocence.

34. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

   WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT

OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### § 1983 Conspiracy Claim

35.　PLAINTIFF re-alleges paragraphs 1 – 22 as though fully set forth herein.

36.　The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

　　　WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### Conspiracy Claim – State Law

37.　PLAINTIFF re-alleges paragraphs 1 – 22 as though fully set forth herein.

38.　The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

　　　WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
### § 1983 Equal Protection – Class of One

39.　PLAINTIFF re-alleges paragraphs 1 – 22 as though fully set forth herein.

40.	The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

41.	The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VII *Monell*

42.	PLAINTIFF re-alleges paragraphs 1 – 22 as though fully set forth herein.

43.	As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF CHICAGO there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO in which officers were not held accountable for their wrongful and/or illegal acts.

44.	Said custom, practice, policy, and/or pattern of the CITY OF CHICAGO encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the DEFENDANT OFFICERS.

45.	As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO, PLAINTIFF was injured in a personal and pecuniary manner.

WHEREFORE, PLAINTIFF demands compensatory damages against the CITY OF CHICAGO, costs and attorneys' fees.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

46.  PLAINTIFF re-alleges paragraphs 1 – 22 as though fully set forth herein.

47.  Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

48.  The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

49.  PLAINTIFF re-alleges paragraphs 1 – 22 as though fully set forth herein.

50.  The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

51.  Plaintiff demands trial by jury.

        Respectfully submitted,


        s/ Blake Horwitz_____
        Attorney for the Plaintiff
        Blake Horwitz


**THE LAW OFFICES OF BLAKE HORWITZ, LTD.**
155 N. Michigan Ave., Suite 723
Chicago, IL  60601
(312) 616-4433
(312) 565-7173 (Fax)