**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAVANCE WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 08 C 915 |
| ) | |
| OFFICER D. BROWN #15887, OFFICER J. ) | Judge Wayne R. Andersen |
| FRANKLIN #15170, OFFICER A. ) | |
| RAYMOND #129, UNKNOWN ) | Magistrate Judge Sidney Schenkier |
| DEFENDANT OFFICERS, and the CITY OF ) | |
| CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago ("City"), by its attorney, Terrence M. Burns of Dykema Gossett, PLLC, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), hereby moves to dismiss plaintiff's complaint in its entirety. In support thereof, defendant City states:

**INTRODUCTION**

1. On February 13, 2008, plaintiff filed his complaint in this matter against several defendants, including the City. (Dkt. #1, attached as Exhibit A). Plaintiff's complaint includes the following counts:

| | |
|---|---|
| Count I | §1983 False Arrest |
| Count II | State Law False Arrest |
| Count III | State Law Malicious Prosecution |
| Count IV | §1983 Conspiracy |
| Count V | State Law Conspiracy |
| Count VI | §1983 Equal Protection |
| Count VII | §1983 *Monell* |
| Count VIII | 745 ILCS 10/9-102 |

      Count IX        State Law – *Respondeat Superior*

2. Notwithstanding these labels, plaintiff's complaint fails to state a claim for which relief can be granted and should be dismissed. In the alternative, because plaintiff's complaint is vague and deficient as to even the most fundamental factual allegations, defendant City cannot reasonably be required to frame a responsive pleading without a more definite statement from plaintiff. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

## STANDARD OF REVIEW

3. A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged pleading fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989). Such a motion tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Although when considering a motion to dismiss a court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom (*see Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005)), a court is not obligated to accept a complaint that merely raises the possibility of relief. *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In addition, a court should not strain to find inferences not plainly apparent from the face of the complaint. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). Rather, to survive a Rule 12(b)(6) motion to dismiss, the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" (*see* Fed.R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice" of what the "claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). *See also Kyle v. Morton High School*, 144 F.3d 448 (7th Cir. 1998) (*citing Leatherman v. Tarrant County Narcotics*, 507 U.S. 163, 168, 113 S. Ct. 1160, 1163 (1993)).

4. Further, the factual allegations must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *Concentra Health*, 496 F.3d at 776 (*quoting Bell Atlantic*, 127 S. Ct. at 1965, 1973 n. 14)). With regard to §1983 claims, a complaint must set forth sufficient allegations to place the court and the defendants on notice of the gravamen of the complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000).

**DISCUSSION**

5.      Plaintiff's complaint fails to give sufficient notice of the conduct that forms the basis for his claims. The only "facts" pertaining to the alleged police misconduct are contained in paragraphs 5 through 15 of the complaint. In those paragraphs, plaintiff claims that "on or about" March 25, 2007, defendant officers, some of whom are "unknown," violated his constitutional rights by coming into physical contact with him and engaging in an unreasonable seizure. (*See* Exhibit A, ¶¶ 5, 7, 12-15). Notably, plaintiff does not provide the location of his arrest, identify the time of his encounter with the police, explain what happened, or offer any details regarding the allegedly unlawful "acts or omissions" of the defendant officers. Even more confusing, the complaint vaguely alleges "physical contact," a "show of force," and "use of force" by defendant officers (Exhibit A, ¶¶ 7, 12-15), yet there is no excessive force claim asserted by plaintiff. At most, the complaint indicates something happened on March 25, 2007, involving plaintiff and some police officers, that apparently resulted in plaintiff's arrest. No further information is provided.

6.      The remaining paragraphs in the section of the complaint entitled "Facts" fail to provide any additional insight into the alleged misconduct that forms the basis for plaintiff's claims. Instead, plaintiff simply sets out generalized, conclusory language that the defendant officers arrested him and charged him with criminal activity.

7.      Although a complaint need not set forth detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1964-65, citing *Papason v. Allain*, 478 U.S. 265, 286 (1986) (On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Plaintiff's complaint offers a textbook illustration of this deficiency. The pleading is replete with labels and conclusions (*i.e.*, defendants "engaged in an unreasonable seizure"; plaintiff "did not obstruct justice"; defendants arrested plaintiff without probable cause to believe he was engaged in criminal activity), yet the facts underlying and supporting such conclusions are entirely absent. Plaintiff has "couched" these legal conclusions as facts, forcing Defendant City, and this Court, to speculate as to what allegedly happened on March 25, 2007.

8.      Rule 8(a)(2) requires that a complaint contain a minimal level of factual detail so that the defendant has fair notice as to the claims against it and is given a "reasonable

opportunity" to form an answer. *Pratt v. Tarr*, 464 F.3d 720, 732 (7th Cir. 2006). A defendant must receive sufficient detail to "begin to prepare [its] defense." *Id.* at 733. In addition, a complaint "should contain information that one *can* provide and that is clearly important." *Concentra Health*, 496 F.3d at 780 (emphasis in original).

9. In this case, the location and time of plaintiff's encounter with the police, and more importantly, what allegedly happened, is known to plaintiff. Plaintiff, however, did not include any of this basic information in his pleadings. As plaintiff's complaint currently stands, there is no meaningful way Defendant City can answer it. For example, how can the City make an informed response to an allegation that a defendant officer's conduct was "within the scope of employment" when the City cannot even determine what that alleged conduct was? Knowing the nature of the defendant police officers' alleged misconduct towards plaintiff also is significant so that the City can evaluate the possible scope and extent of plaintiff's claims. Since plaintiff's complaint fails to provide "some quantum of information" about his claims, it should be dismissed. *See Concentra Health*, 496 F.3d at 779 n.3; *see also Bell Atlantic*, 127 S. Ct. at 1965; *Pratt*, 464 F.3d at 733.

10. As an independent and separate matter, plaintiff's *Monell* claim should be dismissed. In essence, plaintiff claims he was subjected to an illegal arrest on or around March 25, 2007, due to a practice of general lawlessness at the Chicago Police Department. The law is clear, however, a claim that "past generalized bad police behavior led to future generalized bad police behavior" fails the "rigorous standards of culpability and causation" required for municipal liability. *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999); *see also Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 1388 (1997). Indeed, the law requires litigants to "identify the offending municipal policy with precision" so courts can prevent trials from straying off into "collateral accusations of marginally related incidents." *Id*.

11. As set forth above, plaintiff's complaint hints at some interaction between plaintiff and the police on March 25, 2007. The complaint, however, is woefully deficient of allegations that describe the underlying incident. The *Monell* allegations similarly fail to identify a specific policy for the purposes of stating a viable *Monell* claim. Moreover, plaintiff has failed to allege a causal link between these vague policies/practices and the purported violation of his

rights so as to state a claim for municipal liability. Accordingly, the City respectfully asks this Court to dismiss the *Monell* policy and practice allegations of plaintiff's complaint.

12. To prevail on a §1983 claim against the City, a plaintiff must show: 1) a violation of his constitutional rights; 2) an injury; and 3) that the injury and violation of rights was directly caused by the City's own action or inaction that carried the requisite degree of fault. *Board of County Commissioners of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 117 S.Ct. 1382 (1997) ("*Bryan County*"). In addition, a plaintiff must show that the constitutional violation was directly caused by a "custom, policy or practice" of the defendant municipality. *Monell, supra*. As the Supreme Court stated in *Bryan County*, "[t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." 520 U.S. at 404, 117 S.Ct. at 1388.

13. In this case, plaintiff's attempt to plead a *Monell* claim fails because he has not adequately alleged his constitutional rights were violated as a result of a specific "custom, policy, or practice" of the City. In fact, plaintiff fails to adequately define the "custom, policy, or practice" that allegedly led to the violation of his constitutional rights.

14. It is well established that when alleging a *Monell* claim, a plaintiff must identify with specificity the custom, policy, or practice of which he complains. *See*, *e.g.*, *City of Canton v. Harris*, 489 U.S. 378, 391 (1989) (the identified deficiency must be "closely related to the ultimate injury"). To forego this requirement would blur the line "between *respondeat superior* liability and truly unconstitutional municipal conduct." *Piotrowski v. City of Houston*, 237 F.3d 567, 580 n.27 (5th Cir. 2001). Accordingly, to ensure that a municipality is not held liable solely for the actions of its employees, "rigorous standards of culpability and causation must be applied." *Bryan County*, 520 U.S. at 405. *See also Brown v. City of Chicago*, 2001 WL 1002484 at *3 (N.D. Ill. 2001) (*citing Copeland v. Northwestern Memorial Hospital*, 964 F. Supp. 1225, 1240 (N.D. Ill. 1997) ("[c]laims based wholly on conclusory allegations of *de facto* municipal policy constitute one of the most prevalent forms of abuse in §1983 actions").

15. Plaintiff's *Monell* allegations begin at paragraph 20, which is divided into sub-paragraphs (a)-(o). These vague sub-paragraphs do nothing more than provide boilerplate

5

allegations of generalized "practices."[1] *See Carter*, 164 F.3d at 218. Plaintiff's sub-paragraphs do not offer any particulars that would serve to put the City on notice of a specific policy, practice, or custom he is challenging. *See Bell Atlantic Corp*., 127 S. Ct. 1955, 1969 (2007) (complaint must provide the "grounds upon which [his claim] rests"). Cursory allegations of general duties and the failure to perform those duties do not "stand in the place of an allegation of a municipal policy, custom or practice required to state a *Monell* claim under section §1983." *Catchings v. City of Chicago*, 2005 WL 1027127 at *4 (N.D. Ill. 2005); *see also Mumm v. Wetter*, 2006 WL 163151 at *4 (N.D. Ill. 2006) (boilerplate allegations of a municipal policy, entirely lacking in any factual support that a policy does exist, are insufficient); *Brown v. City of Chicago*, 2001 WL 1002484 at *3 (N.D. Ill. 2001) (dismissing section 1983 claims and explaining that boilerplate allegations constituted of mere legal conclusions that did not state *Monell* claim).

16.    Plaintiff's boilerplate *Monell* allegations assert nothing more than mere legal conclusions. Plaintiff fails to identify a specific policy for purposes of stating a viable *Monell* claim. Additionally, plaintiff has failed to allege a causal link between these conclusory policies/practices and the purported violation of his rights as a result of some unspecified, nebulous incident allegedly involving police officers. Count VII should be dismissed.

## **CONCLUSION**

17.    Plaintiff's entire complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim upon which relief can be granted. Alternatively, the Court should require plaintiff to supplement the complaint pursuant to Rule 12(e), because as it stands, it is so vague and ambiguous the City cannot meaningfully investigate and prepare a responsive pleading. Notwithstanding these deficiencies, separate grounds exist for the dismissal of count VII. Plaintiff's *Monell* claim is inadequate and should be stricken and dismissed.

WHEREFORE, for the foregoing reasons, defendant City of Chicago respectfully requests that this Court enter an order dismissing plaintiff's complaint in its entirety.

---

[1] Defendant City notes that these sub-paragraphs are also repetitive and overlap with each other. For example, sub-paragraphs (c), (e), (g), (h), (i), (k), (l), and (n) allege the same thing: the City failed to take remedial action, sanction, or discipline officers who commit certain misconduct. Similarly, sub-paragraphs (d), (j), and (m) all concern the City's alleged failure to investigate misconduct. Plaintiff essentially has repeated the same boilerplate allegations, but not once has he offered precise details or the specificity required to identify a custom, practice, or policy that caused the constitutional deprivations he vaguely alleges.

Alternatively, defendant City asks this Court to order plaintiff to provide a more definite statement concerning the factual circumstances underlying his claims. The City further asks this Court to dismiss plaintiff's *Monell* allegations, including count VII of the complaint.

Dated: May 19, 2008                                Respectfully submitted,

                                                   By: s/ Paul A. Michalik
                                                       One of the Attorneys for Defendant,
                                                       CITY OF CHICAGO

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Kimberly D. Fahrbach
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700 (telephone)
(312) 876-1155 (facsimile)

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 19, 2008, I electronically filed the foregoing **Defendant City of Chicago's Motion to Dismiss Plaintiff's Complaint** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Blake Wolfe Horwitz
Amanda Sunshine Yarusso
Erica E. Faaborg
Horwitz, Richardson & Baker, LLC
20 South Clark Street
Suite 500
Chicago, Illinois  60603
312.676.2100 (telephone)
312.372.7076 (facsimile)
lobh@att.net

                                    s/ Paul A. Michalik
                                    Paul A. Michalik

CHICAGO\2451089.1
ID\PAM