IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAVANCE WHITE,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER D. BROWN #15887, OFFICER J. FRANKLIN #15170, OFFICER A. RAYMOND #129, UNKNOWN DEFENDANT OFFICERS, and the CITY OF CHICAGO,<br><br>    Defendants. | No. 08-cv-915<br><br>JUDGE ANDERSEN |

### REPORT OF CONFRENCE OF PARTIES

NOW COMES Plaintiff, by and through Horwitz, Richardson & Baker LLC., and Defendants, by and through Dykema Gossett PLLC, and present to the Court the Parties' Joint Status Report:

A) **The date and time this matter is set for a status hearing before the Court:** A status hearing was set for June 5, 2008. A conference was held on June 9, 2008, between Abbas Merchant, attorney for Plaintiff and Kimberly D. Fahrbach, attorney for Defendants.

B) **The attorneys of record for each party, indicating which attorney is expected to try the case:** Terrence Michael Burns, Paul A. Michalik, Daniel Matthew Noland, and Kimberly D. Fahrbach for the Defendants; Blake W. Horwitz, Abbas Merchant, and Amanda S. Yarusso for Plaintiff. Mr. Burns and Mr. Horwitz are expected to try the case.

C) **The basis of federal jurisdiction:** 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343(a), the United States Constitution, and this Court's supplementary jurisdiction powers.

D) **Whether a jury has been requested and by which party:** Plaintiff has demanded trial by jury. The Defendants will demand a jury if an answer to Plaintiff's complaint is filed. (Defendants have a motion to dismiss pending.)

E) **A brief statement of the nature of the case including the major factual and legal issues in dispute:** Factual issues include: the nature, scope, and basis for the Defendant Officers' interaction with Plaintiff, the persons involved in the incident, and the identity of witnesses to the incident. Legal issues include: whether the Plaintiff was arrested, whether the Defendant Officers had probable cause to arrest Plaintiff, whether the Defendant Officers conspired to deprive Plaintiff of his constitutional rights, whether Plaintiff was treated differently by the Defendant Officers as opposed to others similarly situated, whether the Defendant Officers had a rational basis for treating Plaintiff differently than others similarly situated, whether the Defendant Municipality maintains policies, practices, or customs that cause the deprivation of citizens' constitutional rights, whether the Defendant City of Chicago must indemnify the Defendant Officers pursuant to 745 ILCS 10/9-102, and whether the City of Chicago is liable under the theory of *respondeat superior*.

F) **The relief sought by any party, including computation of damages, if available:** Plaintiff seeks compensatory and punitive damages as well as attorney fees and costs. Plaintiff does not yet have a computation of damages.

G) **The name of any party who or which has not been served, and any relevant facts or circumstances related to service of process on such party:** The named Defendant Officers' have been served.  The parties are working together to identify the other officers allegedly involved in the incident that gave rise to the instant suit.  These Defendants will be served post-haste once the matter is resolved.

H) **A brief description of all anticipated motions:** The Defendants have filed a motion to dismiss Plaintiff's Complaint.  The Defendants also anticipate filing a motion for a protective order, a motion to bifurcate Plaintiff's *Monell* claim, and a motion for summary judgment.  Plaintiff anticipates filing a motion for a protective order for medical records likely to be produced in the course of discovery.

I) **A proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff. Unless other ordered, Rule 26(a)(1) does not apply:** The parties propose the following:

   i. Fact discovery closes on October 30, 2008;  (Defendants believe that, if their motion to bifurcate *Monell* discovery is not granted, more time will be needed to conduct *Monell* discovery, which would affect the proposed October 30, 2008, date and subsequent dates.)

   ii. Plaintiff's expert disclosures on November 30, 2008;

   iii. Plaintiff's experts to be deposed by December 30, 2008;

   iv. Defendants' expert disclosures on January 30, 2009;

   v. Defendants' experts to be deposed by February 30, 2009;

      vi. Expert discovery closes on March 30, 2009;

      vii. All discovery completed by April 30, 2009.

J) **The earliest date the parties would be ready for trial and the probable length of trial:**

      i. If the Defendants file a motion for summary judgment, such motion will be filed no later than May 15, 2009. Plaintiff will respond to the motion for summary judgment by June 15, 2009, and Defendants will reply by June 30, 2009. If still necessary, trial can commence 45 days after the Court's ruling on the motion for summary judgment and will last 3-5 days.

      ii. If no motion for summary judgment is filed, trial can commence 45 days after the close of discovery, which would be June 15, 2009. Trial is expected to last 3-5 days.

K) **The status of any settlement discussions and whether a settlement conference with the Court would be useful:** The parties have not engaged in settlement discussions to date. After all Defendants are served and have answered, the parties will reassess whether a settlement conference with the Court would be useful.

L) **Whether the parties will consent to trial before a magistrate judge:** The parties do not consent to trial before a magistrate judge.

Dated: June 10, 2008.

| | |
|---|---|
| s/ Kimberly D. Fahrbach | s/ Abbas Merchant |
| Dykema Gossett PLLC | Horwitz, Richardson & Baker, LLC |
| 4200 Commerce Crt., Suite 300 | 20. S. Clark St. Suite 500 |
| Lisle, IL 60532 | Chicago, IL 60603 |
| (630) 245-0400 | (312) 676-2100 |
| | (312) 372-7076 (fax) |