**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LAVANCE WHITE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 C 915 |
| | ) | |
| OFFICER D. BROWN #15887, OFFICER J. | ) | Judge Wayne R. Andersen |
| FRANKLIN #15170, OFFICER A. | ) | |
| RAYMOND #129, UNKNOWN | ) | |
| DEFENDANT OFFICERS, and CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | | |

**UNOPPOSED MOTION TO BIFURCATE
§ 1983 CLAIMS AND TO STAY DISCOVERY AND TRIAL ON THOSE CLAIMS**

Pursuant to Fed.R.Civ.P. 42(b), defendant City of Chicago moves this court to (1) bifurcate plaintiff's § 1983 claims against it, and (2) stay discovery and trial on those claims. In support of this motion, which plaintiff does not oppose, the City states:

1.    Plaintiff LaVance White has filed a Complaint against the City of Chicago and certain individual police officers alleging constitutional violations pursuant to 42 U.S.C. § 1983. (*See* Dkt. 1.) Plaintiff alleges that the defendant officers falsely arrested him and violated his rights under the Equal Protection Clause of the Fourteenth Amendment. Against the City, plaintiff brings various claims under *Monell v. Department of Social Services of the City of New York*,[1] alleging that certain municipal customs, policies, and practices caused these alleged constitutional violations. Plaintiff also asserts state law claims against all defendants.

2.    Pursuant to Rule 42(b), the City moves this court (1) to bifurcate the *Monell* claims against the City from the constitutional claims and state claims against the individual

---

[1] 436 U.S. 658 (1978).

officers, and (2) to stay discovery and postpone trial on the *Monell* claims until the resolution of all claims against the officers.  District courts have broad discretion in ordering the bifurcation of a plaintiff's claims, as part of their inherent power to control their docket.[2]

3.     Rule 42(b) allows district courts to separate the trial of any issue, if separation is warranted "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."  "Only one of these criteria need be satisfied for a court to order a separate trial."[3]

4.     Here, bifurcation of the *Monell* claims best serves the interests identified in Rule 42(b) of avoidance of prejudice, convenience, expedition, and economy.  Such action by the court allows the City to avoid potentially unnecessary discovery and litigation costs should plaintiff fail to establish a constitutional violation and thus as a matter of law be unable to prove any *Monell* violation.[4]  These costs primarily take the form of producing thousands of documents, producing Rule 30(b)(6) witnesses for deposition, and retaining and defending against expert witnesses.  The undue burden of being subjected to such discovery is all the more transparent when one recognizes that litigation of plaintiff's *Monell* claims ultimately may be unnecessary and that the litigation may be expedited.  Indeed, the City has attached to this motion as Exhibit A its Stipulation to Entry of Judgment Against Defendant City of Chicago agreeing to entry of judgment for compensatory damages if the finder of fact in this case finds that any City employee violated plaintiff's constitutional rights as alleged in his complaint.

5.     In addition, plaintiff's allegations involve a single investigation, so bifurcation of the *Monell* claims from the claims against the individual officers will protect the individual

---

[2] *See Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000).

[3] *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994).

[4] *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

officers from the possible prejudice of introducing at trial broader and extraneous evidence regarding the multiple municipal customs, policies, and practices that plaintiff alleges are deficient. Bifurcating the *Monell* claims at this stage of the litigation, and concomitantly staying discovery relating to these claims, thereby (1) protects the interest of the City in eliminating potentially unnecessary litigation expenses, (2) avoids prejudice to the individual defendants, and (3) protects plaintiff's interest in expediting trial of his constitutional claims against the defendant officers.

6.     Further, granting this motion promotes judicial economy, and thus protects this court's interests. Bifurcation of the *Monell* claims eliminates the need for (1) extensive judicial intervention in discovery disputes, (2) ruling on the inevitable summary judgment motion on these claims, and (3) if the City's dispositive motions are denied, presiding over a lengthy and legally and factually complex trial during which all of plaintiff's claims will be presented simultaneously to a jury. The Seventh Circuit in *Treece v. Hochstetler* explicitly endorsed bifurcation as a means to avoid "the waste of the valuable time and resources of the court," as well as of serving the interests furthered by Rule 42(b).[5]

7.     Finally, bifurcation and a stay of discovery and trial as to plaintiff's *Monell* claims do not affect plaintiff's recovery of any compensatory damages that a jury may award him. Insofar as the defendant officers were acting within the scope of their employment during their encounter with plaintiff, the City has both a statutory and a contractual obligation to indemnify the defendant officers for any judgment against them,[6] while as a matter of law, plaintiff is not entitled to recover any additional compensatory damages if he prevails against the City on his

---

[5] 213 F.3d 360, 365 (7th Cir. 2000).

[6] *See, e.g.,* 735 ILCS 10/9-102.

*Monell* claims after a finding of liability against the individual defendants.[7]  However, although litigation of plaintiff's *Monell* claims provides no monetary windfall to plaintiff, such litigation does generate often substantial attorney fees under § 1983 that accrue solely to plaintiff's counsel and not to plaintiff himself.  Hence, promoting litigation economy by the elimination of such fees is another reason for this court to grant the City's motion.[8]

8.     Plaintiff's counsel has advised defendants' counsel that plaintiff does not oppose this motion.

9.     Accordingly, the City asks this court to (1) bifurcate plaintiff's § 1983 claims against defendant City of Chicago, pursuant to Rule 42(b); and (2) stay both discovery and trial on those claims.[9]

---

[7]*See Spanish Action Committee of Chicago v. City of Chicago*, 766 F.2d 315, 321 (7th Cir. 1985).

[8] In *Moore v. City of Chicago*, Judge Moran, in his opinion granting the City of Chicago summary judgment on plaintiff's *Monell* claims, ratified many of the City's arguments in support of bifurcation presented in text:

> . . . we are often unsure of the impetus behind alleging *Monell* claims in cases such as this one. . . . claims of municipal liability require an extensive amount of work on the part of plaintiff's attorneys and experts, and an extraordinary amount of money must  be spent in order to prepare and prove them.  But to what end?  If the plaintiff prevails against the officer on a § 1983 claim, he or she is not likely to want or need to proceed any further, at least in this district and state.  An Illinois statute directs local governments to pay tort judgments for compensatory damages for which its employees are liable; the Seventh Circuit has held that this statute permits the § 1983 plaintiff to bring a claim directly against the municipality and obtain a judgment requiring the municipality to pay the amount due to the plaintiff from the officer.  Nor do we believe the municipality is more likely to be sued in its own capacity give that *Monell* claims rarely make it to trial.  Furthermore, even if the city is found liable, punitive damages are not an available remedy.

2007 WL 3037121 at *9 (N.D.Ill. October 15, 2007).

[9] Upon request, the City will tender to this Court relevant decisions from this District addressing the City's Motion to Bifurcate.

Respectfully submitted,


s/ Daniel M. Noland
_____
One of the Attorneys for Defendants

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Kimberly Fahrbach
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois  60606
(312) 876-1700

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2008, I electronically filed the foregoing **Unopposed Motion to Bifurcate § 1983 Claims and to Stay Discovery and Trial on Those Claims** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Blake Wolfe Horwitz
Abbas Merchant
Erica Faaborg
Horwitz, Richardson & Baker, LLC
20 South Clark Street
Suite 500
Chicago, Illinois  60603
312.676.2100 (telephone)
312.372.7076 (facsimile)
lobh@att.net

s/ Daniel M. Noland
Daneil M. Noland

CHICAGO\2468431.1
ID\DMN