IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAVANCE WHITE )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>OFFICER D. BROWN #15887, OFFICER J. )<br>FRANKLIN #15170, OFFICER A. )<br>RAYMOND #129, UNKNOWN )<br>DEFENDANT OFFICERS, and CITY OF )<br>CHICAGO, )<br>)<br>Defendants. ) | No. 08 C 915<br>JUDGE Wayne R. Andersen<br>MAGISTRATE Schenkier |

## AGREED MOTION
## FOR ENTRY OF PROTECTIVE ORDER

Defendants, the City of Chicago, Officer D. Brown, Officer J. Franklin, and Officer A. Raymond, by one of their attorneys, Terrence Burns, respectfully moves this Honorable Court, pursuant to Fed.R.Civ.P. 26(c) and 45 C.F.R. §§ 160 and 164, for entry of the attached "Qualified HIPAA and Confidential Matter Protective Order."

In support thereof, Defendants state as follows:

1.    The parties anticipate that documents pertaining to the parties and non-parties may be sought and produced in this matter. The parties also anticipate production in this litigation of personnel file-related information such as disciplinary history, Complaint Registers, and medical information covered by the Health Insurance Portability and Accountability Act. Complaint Registers contain personnel record information regarding police officers and other Chicago Police Department personnel (including third-parties), including but not limited to personal identifiers of officers and their families, disciplinary histories, medical information, reports and other actions, as well as other information of unrelated civilian parties and witnesses that is sensitive or of a non-public nature related to discipline, confidential statements, medical information, and personal identifiers.

2. Medical information is protected by the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 and 42 U.S.C. (2002). The "Privacy Standards" for such information is found at 45 C.F.R. §§ 160 and 164 (2000).

3. Personnel files, disciplinary histories and related information are protected by the Illinois Personnel Records Review Act, 820 ILCS 40/0.01 (West 2004) and the Illinois Freedom of Information Act, 5 ILCS 140/7 (West 2004).

4. The parties proposed "Qualified HIPAA and Confidential Matter Protective Order," attached hereto, prohibits use of personnel files and other personnel and disciplinary information, medical information covered by the Health Insurance Portability and Accountability Act, and Complaint Register files for any purpose other than litigation of this case, prohibits their dissemination to parties outside this litigation, and requires their return to the producing party at the end of this litigation. Such an order would ensure the protection of such information, consistent with the principles of federal and Illinois law. This order will also protect against improper dissemination of confidential information and unfairness in the trial process.

5. The Defendants do not object to the disclosure of relevant production to other respective parties in accordance with the Federal Rules of Civil Procedure, but only seeks to limit the use of the production to this litigation and protect confidential information from dissemination to third parties.

6. Plaintiff's attorney Abbas Merchant advised defendants' attorney Dan Noland that plaintiff agrees to the entry of the proposed protective order.

**WHEREFORE,** Defendants request that this Court enter the attached "Qualified HIPAA and Confidential Matter Protective Order" in this matter.

Dated: July 16, 2008                              Respectfully submitted,


                                                  s/ Daniel Noland
                                                  One of the Attorneys for Defendants


Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Kimberly Fahrbach
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 876-1700

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2008, I electronically filed the foregoing **Agreed Motion for Entry of Protective Order** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Blake Wolfe Horwitz
Abbas Merchant
Erica Faaborg
Horwitz, Richardson & Baker, LLC
20 South Clark Street
Suite 500
Chicago, Illinois 60603
312.676.2100 (telephone)
312.372.7076 (facsimile)
lobh@att.net

                                                s/ Daniel M. Noland
                                                Daniel M. Noland

CHICAGO\2468151.2
ID\DMN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAVANCE WHITE )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>OFFICER D. BROWN #15887, OFFICER J. )<br>FRANKLIN #15170, OFFICER A. )<br>RAYMOND #129, UNKNOWN )<br>DEFENDANT OFFICERS, and CITY OF )<br>CHICAGO, )<br>)<br>Defendants. ) | No. 08 C 915<br><br>JUDGE Wayne R. Andersen |

## QUALIFIED HIPAA AND CONFIDENTIAL MATTER PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(c) and 45 C.F.R. §§ 160 & 164, and for the reasons set forth in the record, the Court hereby finds:

A. The following words and terms are defined for purposes of this qualified protective order:

1. "Parties" shall mean plaintiff, defendant City of Chicago, the individual defendants, and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

2. "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002).

3. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

4. "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

5. When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or

non-party in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

6. "Confidential Matter" shall mean employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding plaintiff, defendant, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action. "Confidential matter" includes, but is not limited to, personal identifying information, family history, health history, and social security numbers. In addition, the names of complainants or witnesses and their identifying information is to be redacted and to be disclosed only on a case-by-case basis on the motion of the plaintiff's attorneys. "Confidential matter" also includes personnel files, disciplinary actions, histories, and related information that are protected by the Illinois Personnel Records Review Act, 820 ILCS 40/0.01, et seq. (West 2004) and Section 7 of the Illinois Freedom of Information Act, 5 ILCS 140/1, et seq. (West 2004), as well as personal and family information of police officers, including residential information. Files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as "Complaint Register" files), are included in the definition of "Confidential Matter" pending the Seventh Circuit's decision in the matter of *Bond v. Uteras*, 2007 WL 2003085 (N.D. Ill. July 2, 2007, J. Lefkow).

B. This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

1. The Parties shall be familiar with HIPAA and the Privacy Standards.

2. The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI and/or Confidential Matter of Parties and non-Parties to or from other Parties and non-Parties.

3. Subject to the provisions of Sections C(10) and (13) of this order, a judicial ruling is required before any Confidential Matter produced in the pretrial discovery process pursuant to this order can be placed under "seal" when deemed admissible at trial or otherwise filed with this Court so as to be of record. Further, as this protective order pertains to pretrial discovery, the parties understand that an interested member of the public has the right to challenge placement under "seal" of any document deemed admissible at trial or otherwise filed with this Court so as to be of record. In the event of such a challenge, the party asserting confidentiality shall have the burden of proving the propriety of that designation.

C. The Parties will abide by the following terms and conditions:

1. The Parties will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

2. The Parties will store all PHI while it is in their possession according to the Privacy Standards.

3. If a party believes that certain information redacted, such as a complainant's name or other identifying information, is relevant and requires that information, the party will file an appropriate motion with the court seeking to have the material un-redacted.

4. The Parties shall, at the termination of this proceeding, return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or dispose of any PHI retained thereafter pursuant to the Privacy Standards. All Confidential Matter produced during the course of this proceeding shall be returned to the producing party within sixty (60) days of the final termination of this action, and shall continue to be protected pursuant to the terms of this Protective Order after termination of this case.

5. The Parties shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA and the Privacy Standards. The Parties shall release the PHI of the following person:

   **Plaintiff: LaVance White: 29 July 1970**

6. The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

   **"CONFIDENTIAL"**
   or
   **"CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 08 C 915"**

   No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

7. Before disclosing PHI documents and/or Confidential Matter, to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter

to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order. Materials designated as Confidential Matter may be accessed only by the parties to this litigation, their attorneys, and their experts and/or consultants retained in connection with the litigation in the manner set forth by this paragraph.

8. Any and all complaint registers ("CRs") shall be labeled as confidential matter pending the Seventh Circuit's decision in the matter of *Bond v. Utreras*, 2007 WL 2003085 (N.D. Ill. July 2, 2007, J. Lefkow).

9. To the extent that a Party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

10. By this Protective Order, the discovering Party does not waive its right to make application to the court, with proper notice, under the procedure set out by the court or under applicable rules, to the responding Party and other Parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed.R.Civ.P. 26(c).

11. Nothing in this Protective Order shall be deemed a waiver of the right of any Party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

12. Confidential Matter may be used in depositions only after the party seeking to use such material provides seven (7) days notice to opposing counsel that Confidential Matter will be used at the deposition in order to discuss appropriate protective measures for such Confidential Matter, or to bring a dispute concerning that Confidential Matter, if any, before the Court.

13. This Protective Order may be modified by further written stipulation signed by Parties with approval of this Court or by further order of this Court upon application to the Court with notice.

14. No restricted or sealed document is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically obtained by the Court.

15. No PHI or Confidential Matter is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically obtained by the Court.

16. This Protective Order shall not be construed to govern or affect the admissibility or use of any PHI or Confidential Matter at trial or hearing in open court, with any requests for confidentiality or sealing of any hearing or trial to be made to the judge presiding over that proceeding.

ENTER: _____
JUDGE SCHENKIER
UNITED STATES DISTRICT COURT

DATED: _____

CHICAGO\2468142.2
ID\DMN