**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LAVANCE WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:  08 C 915 |
| | ) | |
| OFFICER D. BROWN #15887, OFFICER J. | ) | Judge Wayne R. Andersen |
| FRANKLIN #15170, OFFICER A. | ) | |
| RAYMOND #129, UNKNOWN | ) | Magistrate Judge Sidney Schenkier |
| DEFENDANT OFFICERS, and the CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

Defendant, City of Chicago ("City"), by its attorney, Terrence M. Burns of Dykema Gossett, PLLC, for its answer to plaintiff's first amended complaint, states:

## JURISDICTION

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:**   Defendant City admits plaintiff's first amended complaint includes claims that invoke the jurisdiction of this court.  Defendant City denies any liability to plaintiff for any of the claims asserted in the first amended complaint.

## PARTIES

2.      PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:**   Defendant City admits police reports indicate plaintiff gave a home address of Harvey, Illinois.  Defendant City is without knowledge or information sufficient to form a belief as to the truth or falsity of any information provided by plaintiff.  Defendant City is without

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations contained in paragraph 2.

3.     The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

**ANSWER:**     Defendant City admits defendant Officer David Brown, Officer James Franklin,

and Captain Alberta Raymond were employed by the Chicago Police Department on March 25,

2007, and they would have been acting as employees of the Chicago Police Department when

performing the duties of their offices.  Defendant City lacks knowledge or information sufficient

to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 3.

4.     The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein). At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:**     Defendant City admits it is a municipal corporation duly incorporated under the

laws of the State of Illinois.  Defendant City further admits that, on March 25, 2007, defendant

Officers Brown, Franklin, and Raymond were employees of the Chicago Police Department, and

they would have been acting under color of law as employees of the Chicago Police Department

in the performance of the lawful duties of their offices.  Defendant City denies any liability to

plaintiff pursuant to the claims asserted in his first amended complaint.  Defendant City lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the vague

allegations contained in paragraph 4 concerning unnamed "other officers and/or employees."

Defendant City denies any remaining allegations in paragraph 4 inconsistent with the foregoing.

## FACTS

5.     On or about March 25, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. Specifically, some or all of the DEFENDANT OFFICERS at or near the vicinity of 210 E. 69th Street arrested and charged the PLAINTIFF with Unlawful Use of a Weapon and Possession of a Firearm without a F.O.I.D. card

notwithstanding the fact that on said date and location the PLAINTIFF did not possess a firearm. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the vague allegations contained in paragraph 5 concerning unnamed "other

officers and/or employees."   Based on police department reports, Defendant City denies that

officers of the Chicago Police Department engaged in any "unreasonable seizure" of plaintiff on

March 25, 2007.  Defendant City admits Officers Brown and Franklin arrested plaintiff on March

25, 2007, at or near the premises located at 210 E. 69th Street in Chicago, Illinois.  Based on

police department reports, Defendant City denies plaintiff did not possess a firearm on March 25,

2007, at the aforesaid location.  Defendant City admits plaintiff was charged with Unlawful Use

of a Weapon and possession of a firearm without a valid F.O.I.D. card.  Defendant City denies

the remaining allegations contained in paragraph 5.

   6.     On or about March 25, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:**     Defendant City admits police department reports concerning plaintiff's March 25,

2007 arrest do not reflect that plaintiff obstructed justice, resisted arrest, or battered or assaulted

defendant Officers Brown, Franklin, or Raymond on that date.

   7.     The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**ANSWER:**     Defendant City admits plaintiff was arrested by Officers Brown and Franklin on

March 25, 2007, and that plaintiff subsequently was charged with criminal activity.  Defendant

City denies the remaining allegations contained in paragraph 7.

   8.     On March 25, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:**    Based on police department reports, Defendant City denies the allegations contained in paragraph 8.

9.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER:**    Based on police department reports, Defendant City denies the allegations contained in paragraph 9.

10.    On or about March 25, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER:**    Defendant City admits defendant Officers Brown, Franklin, and Raymond have been sued in their individual capacities.  Defendant City admits Officers Brown, Franklin, and Raymond were employed as police officers by the Chicago Police Department on and around March 25, 2007.  Defendant City admits that on March 25, 2007, Officers Brown and Franklin were on duty as police officers, and their participation in the lawful arrest of plaintiff would have been within the course and scope of their employment.  Defendant City denies Officers Brown, Franklin, and Raymond were on duty "at all times relevant to this complaint."  To the extent any remaining allegations in paragraph 10 are inconsistent with the foregoing, Defendant City denies those allegations.

11.    Upon information and belief, OFFICER D. BROWN #15887, on March 25, 2007, came into physical contact with PLAINTIFF.

**ANSWER:**    Defendant City admits Officer Brown was assigned Star #15887 on March 25, 2007.  Defendant City is without knowledge or information as to the meaning of the vague term "physical contact" as used by plaintiff in paragraph 11, and it therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Defendant

City admits Officer Brown participated in the arrest of plaintiff on March 25, 2007. Defendant

City denies any remaining allegations contained in paragraph 11 inconsistent with the foregoing.

       12.     Upon information and belief, OFFICER J. FRANKLIN #15170, on March 25, 2007, came into physical contact with PLAINTIFF.

**ANSWER:**    Defendant City admits Officer Franklin was assigned Star #15170 on March 25,

2007. Defendant City is without knowledge or information as to the meaning of the vague term

"physical contact" as used by plaintiff in paragraph 12, and it therefore lacks knowledge or

information sufficient to form a belief as to the truth or falsity of those allegations. Defendant

City admits Officer Franklin participated in the arrest of plaintiff on March 25, 2007. Defendant

City denies any remaining allegations contained in paragraph 12 inconsistent with the foregoing.

       13.     Upon information and belief, OFFICER A. RAYMOND #129, on March 25, 2007, came into physical contact with PLAINTIFF.

**ANSWER:**    Defendant City admits defendant Officer Raymond was assigned Star #129 on

March 25, 2007. Defendant City is without knowledge or information as to the meaning of the

vague term "physical contact" as used by plaintiff in paragraph 13, and it therefore lacks

knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

Defendant City denies any remaining allegations contained in paragraph 13 inconsistent with the

foregoing.

       14.     Upon information and belief, UNKNOWN DEFENDANT OFFICERS on March 25, 2007, came into physical contact with PLAINTIFF.

**ANSWER:**    Defendant City is without knowledge or information sufficient to form a belief as

to the truth or falsity of the vague allegations contained in paragraph 14 concerning unnamed or

"unknown" officers. Further, Defendant City is without knowledge or information as to the

meaning of the vague term "physical contact" as used by plaintiff in paragraph 14, and it

therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of

those allegations.

## CONSPIRACY

15.    Some or all of the DEFENDANT OFFICERS conspired to cause damage to
PLAINTIFF in the following manner:

> a.    agreeing to falsely arrest and/or falsely institute criminal
> charges/proceedings against the PLAINTIFF;
>
> b.    agreeing not to report each other after falsely arresting and/or charging
> PLAINTIFF; and
>
> c.    generating false documentation to cover-up for their own and each other's
> misconduct.

**ANSWER:**    Defendant City denies the allegations contained in paragraph 15, including

subparagraphs (a) through (c), inclusive, and each of them.

16.    In connection with the above conspiracy, the DEFENDANT OFFICERS
specifically engaged in communication on or about March 25, 2007, whereby the DEFENDANT
OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection
with the allegations immediately above. As a result of this conspiracy, the DEFENDANT
OFFICERS, by and through their conduct, proximately caused PLAINTIFF to, *inter alia,*
suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees,
and suffer emotionally.

**ANSWER:**    Defendant City denies the allegations contained in paragraph 16.

## EQUAL PROTECTION

17.    The actions of the DEFENDANT OFFICERS, in engaging in the above
referenced cover-up, which led to the generation of false documentation and criminal charges to
be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their
duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal
Protection Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER:**    Defendant City denies the allegations contained in paragraph 17.

18.    With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In
that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis.
PLAINTIFF was intentionally treated differently as a result of having a potential claim and
witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT
OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to
cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further,

PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

**ANSWER:**    Defendant City denies the allegations contained in paragraph 18.

## SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE
### *(ALTERNATIVE PLEADING)*

19.    The DEFENDANT OFFICERS, each of them, have arrested over 20 individuals prior to the arrest of the PLAINTIFF.

**ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the vague allegations contained in paragraph 19 concerning unnamed or unknown police officers.  As to defendant Officers Brown, Franklin, and Raymond, Defendant City admits the allegations contained in paragraph 19.

20.    On at least 20 occasions prior to March 25, 2007 the DEFENDANT OFFICERS, each of them, have not falsified police reports.

**ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the vague allegations contained in paragraph 20 concerning unnamed or unknown police officers.  As to defendant Officers Brown, Franklin, and Raymond, Defendant City admits upon information and belief the allegations contained in paragraph 20.

21.    On at least 20 occasions prior to March 25, 2007 the DEFENDANT OFFICERS, each of them, have not partaken in, or contributed to, the falsification of police reports.

**ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the vague allegations contained in paragraph 21 concerning unnamed or unknown police officers.  As to defendant Officers Brown, Franklin, and Raymond, Defendant City admits upon information and belief the allegations contained in paragraph 21.

22.    The DEFENDANT OFFICERS, each of them, have been trained, prior to March 25, 2007, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

**ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the vague allegations contained in paragraph 22 concerning unnamed or unknown police officers.  As to defendant Officers Brown, Franklin, and Raymond, Defendant City admits they received training prior to March 25, 2007.  Defendant City is uncertain as to what plaintiff meant or intended in using the vague and argumentative term "strong likelihood," and it therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 22.

23.     OFFICER D. BROWN #15887, on at least 20 occasions prior to and/or after March 25, 2007, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

**ANSWER:**     Defendant City upon information and belief admits the allegations contained in paragraph 23.

24.     OFFICER D. BROWN #15887, on at least 20 occasions prior to and/or after March 25, 2007, has signed criminal complaints and has not falsified information contained within said charging instruments.

**ANSWER:**     Defendant City admits defendant Officer Brown signed criminal complaints prior to and after March 25, 2007.  Defendant City admits upon information and belief that those complaints did not contain falsified information.  Defendant City is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 24.

25.     On March 25, 2007 there was no reasonable reason for OFFICER D. BROWN #15887 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

**ANSWER:**     Defendant City denies that Officer Brown falsified a police report concerning plaintiff on March 25, 2007, which is the underlying premise of the allegations in paragraph 25. Defendant City is uncertain as to the meaning of the vague term "no reasonable reason" as used

by plaintiff in paragraph 25, and it therefore lacks knowledge or information sufficient to form a

belief as to the truth or falsity of any allegations relying on that term.

26.    OFFICER J. FRANKLIN #15170, on at least 20 occasions prior to and/or after
March 25, 2007, has arrested individuals and has not falsified information contained within a
police report with regard to the arrest.

**ANSWER:**    Defendant City upon information and belief admits the allegations contained in

paragraph 26.

27.    OFFICER J. FRANKLIN #15170, on at least 20 occasions prior to and/or after
March 25, 2007, has signed criminal complaints and has not falsified information contained within
said charging instruments.

**ANSWER:**    Defendant City admits defendant Officer Franklin signed criminal complaints

prior to and after March 25, 2007.  Defendant City admits upon information and belief that those

complaints did not contain falsified information.  Defendant City is without knowledge or

information sufficient to form a belief as to the truth or falsity of any remaining allegations

contained in paragraph 27.

28.    On March 25, 2007 there was no reasonable reason for OFFICER J. FRANKLIN
#15170 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

**ANSWER:**    Defendant City denies that Officer Franklin falsified a police report concerning

plaintiff on March 25, 2007, which is the underlying premise of the allegations in paragraph 28.

Defendant City is uncertain as to the meaning of the vague term "no reasonable reason" as used

by plaintiff in paragraph 28, and it therefore lacks knowledge or information sufficient to form a

belief as to the truth or falsity of any allegations relying on that term.

29.    OFFICER A. RAYMOND #129, on at least 20 occasions prior to and/or after
March 25, 2007, has arrested individuals and has not falsified information contained within a
police report with regard to the arrest.

**ANSWER:**    Defendant City upon information and belief admits the allegations contained in

paragraph 29.

30.     OFFICER A. RAYMOND #129, on at least 20 occasions prior to and/or after March 25, 2007, has signed criminal complaints and has not falsified information contained within said charging instruments.

**ANSWER:**    Defendant City admits defendant Officer Raymond signed criminal complaints prior to and after March 25, 2007. Defendant City admits upon information and belief that those complaints did not contain falsified information. Defendant City is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 30.

31.     On March 25, 2007 there was no reasonable reason for OFFICER A. RAYMOND #129 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

**ANSWER:**    Defendant City denies that Officer Raymond falsified a police report concerning plaintiff on March 25, 2007, which is the underlying premise of the allegations in paragraph 31. Defendant City is uncertain as to the meaning of the vague term "no reasonable reason" as used by plaintiff in paragraph 31, and it therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of any allegations relying on that term.

### *MONELL* ALLEGATIONS

32.     It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

      a.    generate false documentation to cover-up for the misconduct of fellow police officers;

      b.    engage in acts of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts;

      c.    fail to properly discipline officers from said police department who have committed act(s) of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts;

      d.    fail to properly investigate a complaint of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts perpetrated by a CITY OF CHICAGO police officer upon another;

e.      fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts has been committed by said officer upon another;

f.      allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts without repercussions and/or significant repercussions;

g.      fail to provide adequate sanctions/discipline to officers who commit false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.      fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts;

i.      fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

j.      fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

k.      fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts;

l.      fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which

will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

m.     fail to properly investigate officers who commit acts of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n.     fail to take proper remedial action with officers who commit acts of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

o.     fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

**ANSWER:**     Defendant City denies the allegations contained in paragraph 32, including

subparagraphs (a) through (o), inclusive, and each of them.

33.     This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

**ANSWER:**     Defendant City denies the allegations contained in paragraph 33.

34.     A code of silence exists between officers of the Defendant Municipality. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

**ANSWER:**     Defendant City denies the allegations contained in paragraph 34.

## COUNT I
## 1983 False Arrest

The City of Chicago is not a party defendant from which plaintiff seeks relief in count I.

The City therefore does not answer or respond to the allegations in this count except to the extent

plaintiff re-alleges and incorporates certain paragraphs in later counts against the City.

35.     PLAINTIFF re-alleges paragraphs 1 - 34 as though fully set forth herein.

**ANSWER:**     Defendant City adopts and restates its answers and responses to paragraphs 1

through 34 as and for its answer and response to paragraph 35 as though fully set forth herein.

36.     The actions of the DEFENDANT OFFICERS caused the arrest of the
PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.
Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth
Amendment to the United States Constitution.

**ANSWER:**     Defendant City denies the allegations contained in paragraph 36.

37.     The aforementioned actions of the DEFENDANT OFFICERS were the direct
and proximate cause of the Constitutional violations set forth above.

**ANSWER:**     Defendant City denies the allegations contained in paragraph 37.

## COUNT II
## False Arrest - State Claim

The City of Chicago is not a party defendant from which plaintiff seeks relief in count II.

The City therefore does not answer or respond to the allegations in this count except to the extent

plaintiff re-alleges and incorporates certain paragraphs in later counts against the City.

38.     PLAINTIFF re-alleges paragraphs 1 - 34 as though fully set forth herein.

**ANSWER:**     Defendant City adopts and restates its answers and responses to paragraphs 1

through 34 as and for its answer and response to paragraph 38 as though fully set forth herein.

39.     The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to
believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT
OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

**ANSWER:**     Defendant City denies the allegations contained in paragraph 39.

13

40.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:**    Defendant City denies the allegations contained in paragraph 40.

**COUNT III**
**Malicious Prosecution - State Claim**

The City of Chicago is not a party defendant from which plaintiff seeks relief in count III. The City therefore does not answer or respond to the allegations in this count except to the extent plaintiff re-alleges and incorporates certain paragraphs in later counts against the City.

41.    PLAINTIFF re-alleges paragraphs 1 - 34 as though fully set forth herein.

**ANSWER:**    Defendant City adopts and restates its answers and responses to paragraphs 1 through 34 as and for its answer and response to paragraph 41 as though fully set forth herein.

42.    The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

**ANSWER:**    Defendant City admits plaintiff was arrested and charged with violations of the laws of the State of Illinois.  Defendant City further admits criminal proceedings were commenced against plaintiff.  Defendant City denies any remaining allegations contained in paragraph 42 inconsistent with the foregoing.

43.    The DEFENDANT OFFICERS engaged in this effort without probable cause.

**ANSWER:**    Defendant City denies the allegations contained in paragraph 43.

44.    The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

**ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44.

45.    The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45.

46.    The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER:**    Defendant City denies Officers Brown, Franklin, and/or Raymond violated Illinois state law as alleged, and it therefore denies the allegations of paragraph 46.

<u>**COUNT IV**</u>
<u>**1983 Conspiracy Claim**</u>

The City of Chicago is not a party defendant from which plaintiff seeks relief in count IV. The City therefore does not answer or respond to the allegations in this count except to the extent plaintiff re-alleges and incorporates certain paragraphs in later counts against the City.

47.    PLAINTIFF re-alleges paragraphs 1 - 34 as though fully set forth herein.

**ANSWER:**    Defendant City adopts and restates its answers and responses to paragraphs 1 through 34 as and for its answer and response to paragraph 47 as though fully set forth herein.

48.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

**ANSWER:**    Defendant City denies the allegations contained in paragraph 48.

<u>**COUNT V**</u>
<u>**Conspiracy Claim - State Law**</u>

The City of Chicago is not a party defendant from which plaintiff seeks relief in count V. The City therefore does not answer or respond to the allegations in this count except to the extent plaintiff re-alleges and incorporates certain paragraphs in later counts against the City.

49.    PLAINTIFF re-alleges paragraphs 1 - 34 as though fully set forth herein.

**ANSWER:**    Defendant City adopts and restates its answers and responses to paragraphs 1 through 34 as and for its answer and response to paragraph 49 as though fully set forth herein.

50.     The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

**ANSWER:**     Defendant City denies the allegations contained in paragraph 50.

## COUNT VI
## 1983 Equal Protection - Class of One

The City of Chicago is not a party defendant from which plaintiff seeks relief in count VI. The City therefore does not answer or respond to the allegations in this count except to the extent plaintiff re-alleges and incorporates certain paragraphs in later counts against the City.

51.     PLAINTIFF re-alleges paragraphs 1 - 34 as though fully set forth herein.

**ANSWER:**     Defendant City adopts and restates its answers and responses to paragraphs 1 through 34 as and for its answer and response to paragraph 51 as though fully set forth herein.

52.     The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

**ANSWER:**     Defendant City denies the allegations contained in paragraph 52.

53.     The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:**     Defendant City denies the allegations contained in paragraph 53.

## COUNT VII - *Monell*

54.     PLAINTIFF re-alleges paragraphs 1 - 34 as though fully set forth herein.

**ANSWER:**     Defendant City adopts and restates its answers and responses to paragraphs 1 through 34 as and for its answer and response to paragraph 54 as though fully set forth herein.

55.     As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF CHICAGO there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO in which officers were not held accountable for their wrongful and/or illegal acts.

**ANSWER:**     Defendant City denies the allegations contained in paragraph 55.

56.     Said custom, practice, policy, and/or pattern of the CITY OF CHICAGO encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the OFFICERS.

**ANSWER:**    Defendant City denies the allegations contained in paragraph 56.

57.    As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO, PLAINTIFF was injured in a personal and pecuniary manner.

**ANSWER:**    Defendant City denies the allegations contained in paragraph 57.

WHEREFORE, defendant, City of Chicago, denies that plaintiff is entitled to any judgment whatsoever as against it, and it requests that this Court enter judgment in its favor and against plaintiff on count VII, and for its costs and fees, and for such further relief as this Court deems just.

## COUNT VIII
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

58.    PLAINTIFF re-alleges paragraphs 1 - 34 as though fully set forth herein.

**ANSWER:**    Defendant City adopts and restates its answers and responses to paragraphs 1 through 34 as and for its answer and response to paragraph 58 as though fully set forth herein.

59.    Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER:**    Defendant City admits defendant Officers Brown, Franklin, and Raymond were employees of the Chicago Police Department on March 25, 2007.

60.    The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER:**    Defendant City denies the allegations of misconduct asserted against Officers Brown, Franklin, and Raymond in the first amended complaint, which is the underlying premise of this paragraph, and it therefore denies the allegations in paragraph 60.

WHEREFORE, defendant, City of Chicago, denies that plaintiff is entitled to any judgment whatsoever as against it, and it requests that this Court enter judgment in its favor and

against plaintiff on count VIII, and for its costs and fees, and for such further relief as this Court deems just.

**COUNT IX**
**Supplementary Claim for *Respondeat Superior***

61.     PLAINTIFF re-alleges paragraphs 1 - 34 as though fully set forth herein.

**ANSWER:**     Defendant City adopts and restates its answers and responses to paragraphs 1 through 34 as and for its answer and response to paragraph 61 as though fully set forth herein.

62.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior.*

**ANSWER:**     Defendant City denies the allegations of misconduct asserted against Officers Brown, Franklin, and Raymond in the first amended complaint, which is the underlying premise of this paragraph, and it therefore denies the allegations of paragraph 62.

WHEREFORE, defendant, City of Chicago, denies that plaintiff is entitled to any judgment whatsoever as against it, and it requests that this Court enter judgment in its favor and against plaintiff on count IX, and for its costs and fees, and for such further relief as this Court deems just.

**Jury Demand**

63.     Plaintiff demands trial by jury.

**ANSWER:**     Defendant City admits plaintiff's first amended complaint includes a jury demand.  Defendant City denies any liability to plaintiff for any of the claims asserted in the first amended complaint.

**AFFIRMATIVE DEFENSES**

Defendant, City of Chicago, without prejudice to its denials and all other statements in its answer and elsewhere, for its affirmative defenses to plaintiff's first amended complaint, states:

1.     To the extent any individual employees of the City of Chicago or its police department are not liable as alleged in the first amended complaint, the City would not be liable.

2.     Defendant City is not liable for the claims alleged under state law because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202.

3.     Under the Illinois Tort Immunity Act, defendants are not liable under state law for any injury caused by the act or omission of another person.  745 ILCS 10/2-204.

4.     Plaintiff's claims in the first amended complaint are barred by the applicable statutes of limitations.

5.     Plaintiff's claims in the first amended complaint are barred by the doctrines of *res judicata* and collateral estoppel.

6.     The City of Chicago is immune from the imposition of punitive damages under both state and federal law.  Moreover, under Illinois law, the City cannot be required to indemnify an employee for punitive damages, nor may it pay a judgment for punitive damages on behalf of an employee.

7.     As to plaintiff's state law claims, Defendant City is not liable to pay attorney fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'"  *See Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979).

8.     To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff as reflected in the public record, including but not limited to police reports and

court documents, any verdict or judgment obtained by plaintiff must be reduced by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

9.    To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that a plaintiff has a duty to mitigate his or her damages.

## **JURY DEMAND**

Defendant City of Chicago respectfully requests a trial by jury.


Dated:  August 1, 2008                              Respectfully submitted,


                                        By: s/ Paul A. Michalik
                                            One of the Attorneys for Defendant,
                                            CITY OF CHICAGO

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Kimberly D. Fahrbach
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700 (telephone)
(312) 876-1155 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2008, I electronically filed the foregoing **Defendant City of Chicago's Answer to Plaintiff's First Amended Complaint** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Blake Wolfe Horwitz
Amanda Sunshine Yarusso
Abbas Merchant
Horwitz, Richardson & Baker, LLC
20 South Clark Street
Suite 500
Chicago, Illinois  60603
312.676.2100 (telephone)
312.372.7076 (facsimile)
lobh@att.net

s/ Paul A. Michalik
_____
Paul A. Michalik

CHICAGO\2484397.1
ID\PAM