**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAVANCE WHITE,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER D. BROWN #15887, OFFICER J. FRANKLIN #15170, OFFICER A. RAYMOND #129, UNKNOWN DEFENDANT OFFICERS, and the CITY OF CHICAGO,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 08 C 915<br><br>Judge Wayne R. Andersen<br><br>Magistrate Judge Sidney Schenkier |

**DEFENDANT OFFICER FRANKLIN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

Defendant, James Franklin, by his attorney, Terrence M. Burns of Dykema Gossett, PLLC, for his answer to plaintiff's first amended complaint, states:

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** This Defendant admits plaintiff's first amended complaint includes claims that invoke the jurisdiction of this Court. This Defendant denies any liability to plaintiff for any of the claims asserted in the first amended complaint.

**PARTIES**

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:** This Defendant admits plaintiff provided information to police that included a home address in Harvey, Illinois. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any information provided by plaintiff. This Defendant

is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 2.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

**ANSWER:** This Defendant admits he was employed by the Chicago Police Department and was on duty as a Chicago police officer on March 25, 2007.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein). At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:** This Defendant makes no answer or response to the allegations of paragraph 4 to the extent they are directed against other defendants. This Defendant admits he is employed by the Chicago Police Department as a police officer. This Defendant further admits that on March 25, 2007, he was employed as a Chicago police officer and acted in accordance with the duties of his office. This Defendant denies any remaining allegations contained in paragraph 4 inconsistent with the foregoing.

**FACTS**

5. On or about March 25, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. Specifically, some or all of the DEFENDANT OFFICERS at or near the vicinity of 210 E. 69th Street arrested and charged the PLAINTIFF with Unlawful Use of a Weapon and Possession of a Firearm without a F.O.I.D. card notwithstanding the fact that on said date and location the PLAINTIFF did not possess a firearm. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:** This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the vague allegations contained in paragraph 5 concerning unnamed "other officers and/or employees." To the extent directed against him, this Defendant denies police officers of the Chicago Police Department engaged in any "unreasonable seizure" of plaintiff on March 25, 2007. This Defendant admits he participated in the arrest of plaintiff on March 25,

2007, at or near the premises located at 210 E. 69th Street in Chicago, Illinois. This Defendant denies plaintiff did not possess a firearm on March 25, 2007, at that location. This Defendant states there was probable cause to arrest plaintiff at that time and location. This Defendant admits plaintiff was charged with Unlawful Use of a Weapon and possession of a firearm without a valid F.O.I.D. card. This Defendant denies the remaining allegations contained in paragraph 5.

6. On or about March 25, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:** This Defendant admits plaintiff did not batter or assault him on March 25, 2007. This Defendant further admits the police department reports concerning plaintiff's March 25, 2007 arrest do not reflect that plaintiff obstructed justice, resisted arrest, or battered or assaulted any of the Defendant Officers. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 6.

7. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**ANSWER:** This Defendant makes no response to the allegations of paragraph 7 to the extent not directed against him. This Defendant admits he participated in the arrest of plaintiff on March 25, 2007, and further, that plaintiff was charged with criminal offenses. This Defendant denies the remaining allegations contained in paragraph 7.

8. On March 25, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:** This Defendant denies the allegations contained in paragraph 8.

9. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER:** To the extent directed against him, this Defendant denies the allegations of paragraph 9.

10. On or about March 25, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER:** This Defendant admits that on March 25, 2007 he was employed by the Chicago Police Department as a duly appointed police officer, and that his participation in the arrest of plaintiff while on duty was within the course and scope of his employment. This Defendant admits plaintiff has sued him, Officer Brown, and Captain Raymond in their individual capacities. This Defendant denies engaging in "the conduct complained of" in the first amended complaint. To the extent any remaining allegations in paragraph 10 are inconsistent with the foregoing, this Defendant denies those allegations.

11. Upon information and belief, OFFICER D. BROWN #15887, on March 25, 2007, came into physical contact with PLAINTIFF.

**ANSWER:** This Defendant admits Officer David Brown was assigned Star #15887 on March 25, 2007, and that he participated in the arrest of plaintiff on that date. This Defendant is without knowledge or information as to the meaning of the vague term "physical contact" as used by plaintiff in paragraph 11. This Defendant therefore lacks knowledge or information sufficient to form a belief as to the truth of falsity of the remaining allegations in paragraph 11.

12. Upon information and belief, OFFICER J. FRANKLIN #15170, on March 25, 2007, came into physical contact with PLAINTIFF.

**ANSWER:** This Defendant admits he was assigned Star #15170 on March 25, 2007, and that he participated in the arrest of plaintiff on that date. This Defendant is without knowledge or information as to the meaning of the vague term "physical contact" as used by plaintiff in

paragraph 12. This Defendant therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 12.

13. Upon information and belief, OFFICER A. RAYMOND #129, on March 25, 2007, came into physical contact with PLAINTIFF.

**ANSWER:** This Defendant admits Captain Alberta Raymond was assigned Star #129 on March 25, 2007, and that she was a Watch Commander assigned to the CPD's 3rd District on that date. This Defendant is without knowledge or information as to the meaning of the vague term "physical contact" as used by plaintiff in paragraph 13. This Defendant therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 13.

14. Upon information and belief, UNKNOWN DEFENDANT OFFICERS on March 25, 2007, came into physical contact with PLAINTIFF.

**ANSWER:** This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the vague allegations contained in paragraph 14 concerning unnamed or "unknown" police officers. Further, this Defendant is without knowledge or information as to the meaning of the ambiguous term "physical contact" as used by plaintiff in paragraph 14, and he therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

**CONSPIRACY**

15. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

b. agreeing not to report each other after falsely arresting and/or charging PLAINTIFF; and

c. generating false documentation to cover-up for their own and each other's misconduct.

**ANSWER:** To the extent the allegations of paragraph 15 are directed against this Defendant, he denies those allegations.

16. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about March 25, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS, by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

**ANSWER:** This Defendant denies the allegations contained in paragraph 16.

**EQUAL PROTECTION**

17. The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER:** To the extent the allegations of paragraph 17 are directed against this Defendant, he denies those allegations.

18. With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

**ANSWER:** To the extent the allegations of paragraph 18 are directed against this Defendant, he denies those allegations.

**SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE**
***(ALTERNATIVE PLEADING)***

19. The DEFENDANT OFFICERS, each of them, have arrested over 20 individuals prior to the arrest of the PLAINTIFF.

**ANSWER:** To the extent the allegations of paragraph 19 are directed against this Defendant, he admits those allegations. To the extent the allegations are directed against defendants Brown and Raymond, this Defendant upon information and belief admits those allegations.

20. On at least 20 occasions prior to March 25, 2007 the DEFENDANT OFFICERS, each of them, have not falsified police reports.

**ANSWER:** To the extent the allegations of paragraph 20 are directed against this Defendant, he admits those allegations. This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 20.

21. On at least 20 occasions prior to March 25, 2007 the DEFENDANT OFFICERS, each of them, have not partaken in, or contributed to, the falsification of police reports.

**ANSWER:** To the extent the allegations of paragraph 21 are directed against this Defendant, he admits those allegations. This Defendant further states he does not prepare or knowingly contribute to false police reports, and that he did not do so in this case. This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 21.

22. The DEFENDANT OFFICERS, each of them, have been trained, prior to March 25, 2007, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

**ANSWER:** This Defendant makes no answer or response to the allegations contained in paragraph 22 directed against other police officers. To the extent the allegations are directed to this Defendant, he admits he received training prior to March 25, 2007. This Defendant is uncertain as to what plaintiff meant or intended in using the vague and argumentative term "strong likelihood," and he therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 22.

23. OFFICER D. BROWN #15887, on at least 20 occasions prior to and/or after March 25, 2007, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

**ANSWER:** This Defendant upon information and belief admits the allegations contained in paragraph 23.

24. OFFICER D. BROWN #15887, on at least 20 occasions prior to and/or after March 25, 2007, has signed criminal complaints and has not falsified information contained within said charging instruments.

**ANSWER:** This Defendant upon information and belief admits the allegations contained in paragraph 24.

25. On March 25, 2007 there was no reasonable reason for OFFICER D. BROWN #15887 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

**ANSWER:** This Defendant denies participation in or knowledge of a false police report or criminal complaint with respect to the arrest of plaintiff on March 25, 2007. This Defendant is uncertain what plaintiff meant or intended in using the phrase "no reasonable reason" in paragraph 25, and he therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of any allegations relying on that phrase.

26. OFFICER J. FRANKLIN #15170, on at least 20 occasions prior to and/or after March 25, 2007, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

**ANSWER:** This Defendant admits the allegations contained in paragraph 26.

27. OFFICER J. FRANKLIN #15170, on at least 20 occasions prior to and/or after March 25, 2007, has signed criminal complaints and has not falsified information contained within said charging instruments.

**ANSWER:** This Defendant upon information and belief admits the allegations contained in paragraph 27.

28. On March 25, 2007 there was no reasonable reason for OFFICER J. FRANKLIN #15170 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

**ANSWER:** This Defendant denies he falsified a police report or criminal complaint with respect to the arrest of plaintiff on March 25, 2007. This Defendant is uncertain what plaintiff meant or intended in using the phrase "no reasonable reason" in paragraph 28, and he therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of any allegations relying on that phrase.

29. OFFICER A. RAYMOND #129, on at least 20 occasions prior to and/or after March 25, 2007, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

**ANSWER:** This Defendant upon information and belief admits the allegations contained in paragraph 29.

30. OFFICER A. RAYMOND #129, on at least 20 occasions prior to and/or after March 25, 2007, has signed criminal complaints and has not falsified information contained within said charging instruments.

**ANSWER:** This Defendant upon information and belief admits the allegations contained in paragraph 30.

31. On March 25, 2007 there was no reasonable reason for OFFICER A. RAYMOND #129 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

**ANSWER:** This Defendant denies participation in or knowledge of a false police report or criminal complaint with respect to the arrest of plaintiff on March 25, 2007. This Defendant is uncertain what plaintiff meant or intended in using the phrase "no reasonable reason" in paragraph 31, and he therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of any allegations relying on that phrase.

## ***MONELL* ALLEGATIONS**

32. It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

a. generate false documentation to cover-up for the misconduct of fellow police officers;

b. engage in acts of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts;

c. fail to properly discipline officers from said police department who have committed act(s) of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts;

d. fail to properly investigate a complaint of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts perpetrated by a CITY OF CHICAGO police officer upon another;

e. fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts has been committed by said officer upon another;

f. allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts without repercussions and/or significant repercussions;

g. fail to provide adequate sanctions/discipline to officers who commit false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts;

i. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

j. fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

k. fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts;

l. fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

m. fail to properly investigate officers who commit acts of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n. fail to take proper remedial action with officers who commit acts of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

o. fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

**ANSWER:** The allegations in paragraph 32 do not appear to be directed against this Defendant. To the extent a response is deemed necessary, this Defendant denies participation in or knowledge of any of the purported customs, practices, and/or policies alleged by plaintiff in paragraph 32, and he therefore denies the allegations contained in paragraph 32, including subparagraphs (a) through (o), inclusive, and each of them.

33. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by

superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

**ANSWER:** The allegations in paragraph 33 do not appear to be directed against this Defendant. To the extent a response is deemed necessary from this Defendant, he denies participation in or knowledge of any of the purported practices and/or customs alleged in the first amended complaint, and he therefore denies the allegations contained in paragraph 33.

34. A code of silence exists between officers of the Defendant Municipality. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

**ANSWER:** The allegations in paragraph 34 do not appear to be directed against this Defendant. To the extent a response is deemed necessary, this Defendant denies participation in or knowledge of any alleged "code of silence," and he therefore denies the allegations contained in paragraph 34.

**COUNT I**
**1983 False Arrest**

35. PLAINTIFF re-alleges paragraphs 1 - 34 as though fully set forth herein.

**ANSWER:** This Defendant adopts and restates his answers and responses to paragraphs 1 through 34 as and for his answer and response to paragraph 35 as though fully set forth herein.

36. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:** This Defendant denies the allegations contained in paragraph 36.

37. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:** This Defendant denies the allegations contained in paragraph 37.

WHEREFORE, Defendant, James Franklin, denies plaintiff is entitled to any judgment

whatsoever as against him, and he requests that this Court enter judgment in his favor and against plaintiff on count I, and for his costs and such further relief as this Court deems just.

**COUNT II**
**False Arrest - State Claim**

38. PLAINTIFF re-alleges paragraphs 1 - 34 as though fully set forth herein.

**ANSWER:** This Defendant adopts and restates his answers and responses to paragraphs 1 through 34 as and for his answer and response to paragraph 38 as though fully set forth herein.

39. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

**ANSWER:** This Defendant denies the allegations contained in paragraph 39.

40. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:** This Defendant denies the allegations contained in paragraph 40.

WHEREFORE, Defendant, James Franklin, denies plaintiff is entitled to any judgment whatsoever as against him, and he requests that this Court enter judgment in his favor and against plaintiff on count II, and for his costs and such further relief as this Court deems just.

**COUNT III**
**Malicious Prosecution - State Claim**

41. PLAINTIFF re-alleges paragraphs 1 - 34 as though fully set forth herein.

**ANSWER:** This Defendant adopts and restates his answers and responses to paragraphs 1 through 34 as and for his answer and response to paragraph 41 as though fully set forth herein.

42. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

**ANSWER:** This Defendant admits plaintiff was arrested and subsequently charged with violations of the laws of the State of Illinois. This Defendant further admits criminal

proceedings were commenced against plaintiff. This Defendant denies any remaining allegations contained in paragraph 42 inconsistent with the foregoing.

43. The DEFENDANT OFFICERS engaged in this effort without probable cause.

**ANSWER:** This Defendant denies the allegations contained in paragraph 43.

44. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

**ANSWER:** This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44.

45. The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER:** This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45.

46. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER:** This Defendant denies the allegations contained in paragraph 46.

WHEREFORE, Defendant, James Franklin, denies plaintiff is entitled to any judgment whatsoever as against him, and he requests that this Court enter judgment in his favor and against plaintiff on count III, and for his costs and such further relief as this Court deems just.

**COUNT IV**
**1983 Conspiracy Claim**

47. PLAINTIFF re-alleges paragraphs 1 - 34 as though fully set forth herein.

**ANSWER:** This Defendant adopts and restates his answers and responses to paragraphs 1 through 34 as and for his answer and response to paragraph 47 as though fully set forth herein.

48. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

**ANSWER:** This Defendant denies the allegations contained in paragraph 48.

WHEREFORE, Defendant, James Franklin, denies plaintiff is entitled to any judgment whatsoever as against him, and he requests that this Court enter judgment in his favor and against plaintiff on count IV, and for his costs and such further relief as this Court deems just.

**COUNT V**
**Conspiracy Claim - State Law**

49. PLAINTIFF re-alleges paragraphs 1 - 34 as though fully set forth herein.

**ANSWER:** This Defendant adopts and restates his answers and responses to paragraphs 1 through 34 as and for his answer and response to paragraph 49 as though fully set forth herein.

50. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

**ANSWER:** This Defendant denies the allegations contained in paragraph 50.

WHEREFORE, Defendant, James Franklin, denies plaintiff is entitled to any judgment whatsoever as against him, and he requests that this Court enter judgment in his favor and against plaintiff on count V, and for his costs and such further relief as this Court deems just.

**COUNT VI**
**1983 Equal Protection - Class of One**

51. PLAINTIFF re-alleges paragraphs 1 - 34 as though fully set forth herein.

**ANSWER:** This Defendant adopts and restates his answers and responses to paragraphs 1 through 34 as and for his answer and response to paragraph 51 as though fully set forth herein.

52. The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

**ANSWER:** This Defendant denies the allegations contained in paragraph 52.

53. The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:** This Defendant denies the allegations contained in paragraph 53.

WHEREFORE, Defendant, James Franklin, denies plaintiff is entitled to any judgment whatsoever as against him, and he requests that this Court enter judgment in his favor and against plaintiff on count VI, and for his costs and such further relief as this Court deems just.

**COUNT VII – *Monell***

Count VII does not seek relief from this Defendant. This Defendant therefore does not answer or respond to the allegations contained in count VII.

**COUNT VIII**
**745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO**

Count VIII does not seek relief from this Defendant. This Defendant therefore does not answer or respond to the allegations contained in count VIII.

**COUNT IX**
**Supplementary Claim for *Respondeat Superior***

Count IX does not seek relief from this Defendant. This Defendant therefore does not answer or respond to the allegations contained in count IX.

**Jury Demand**

63. Plaintiff demands trial by jury.

**ANSWER:** This Defendant admits plaintiff's first amended complaint includes a jury demand. This Defendant denies any liability to plaintiff for any of the claims asserted in the first amended complaint.

**DEFENDANT FRANKLIN'S AFFIRMATIVE DEFENSES**

Defendant, James Franklin, without prejudice to his denials and all other statements in his answer and elsewhere, for his affirmative defenses to plaintiff's first amended complaint, states:

1. An award of punitive damages would deprive Defendant Franklin of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution

where liability for punitive damages has not been proven beyond a reasonable doubt or at least by clear and convincing evidence, or where the award of punitive damages is disproportionate to actual damages.

2. Under the Illinois Tort Immunity Act, Defendant Franklin is not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

3. Defendant Franklin is not liable for any of plaintiff's alleged claims because a public employee acting within the scope of his employment is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

4. Defendant Franklin is entitled to qualified immunity for his alleged conduct because it was not clearly established that his actions violated plaintiff's constitutional rights. A reasonably competent police officer, objectively viewing the facts and circumstances then confronting defendant officers, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time.

5. As to plaintiff's state law claims, Defendant Franklin is not liable to pay attorney fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979).

6. Defendant Franklin is absolutely immune for any testimony he may have given in plaintiff's underlying criminal case. *See Briscoe v. LaHue*, 460 U.S. 325 (1983).

7. Under the Illinois Tort Immunity Act, a public employee is not liable for injuries caused by his institution or prosecution of any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

8. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principal that a plaintiff has a duty to mitigate those damages.

9. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff as reflected in the public record, including but not limited to police reports and court records, any verdict or judgment obtained by plaintiff must be reduced by an amount commensurate with the degree of fault attributed to him by the jury in this case.

**JURY DEMAND**

Defendant James Franklin respectfully requests a trial by jury.

Dated: August 1, 2008

Respectfully submitted,

By: s/ Paul A. Michalik
One of the Attorneys for Defendant,
JAMES FRANKLIN

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Kimberly D. Fahrbach
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700 (telephone)
(312) 876-1155 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2008, I electronically filed the foregoing **Defendant Officer Franklin's Answer to Plaintiff's First Amended Complaint** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Blake Wolfe Horwitz
Amanda Sunshine Yarusso
Abbas Merchant
Horwitz, Richardson & Baker, LLC
20 South Clark Street
Suite 500
Chicago, Illinois 60603
312.676.2100 (telephone)
312.372.7076 (facsimile)
lobh@att.net

s/ Paul A. Michalik
Paul A. Michalik

CHICAGO\2486501.1
ID\PAM