## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LAVANCE WHITE, | |
| Plaintiff, | |
| v. | No. 08-CV-915 |
| OFFICER D. BROWN #15887, OFFICER J. FRANKLIN #15170, OFFICER A. RAYMOND #129, UNKNOWN DEFENDANT OFFICERS, and the CITY OF CHICAGO, | JUDGE ANDERSEN  MAGISTRATE JUDGE SCHENKIER |
| Defendants. | |

## PLAINTIFF'S MOTION TO STRIKE THE
## CITY'S ANSWER TO PARAGRAPHS 5, 11-14, 22, 25, 28, AND 31

NOW COMES the Plaintiff, by and through his attorneys, Horwitz, Richardson & Baker, LLC, and states in support of his Motion to Strike, the following:

1.       In answering a complaint, Rule 8 of the Federal Rules of Civil Procedure requires an admission or denial.  Furthermore, "[a] denial must fairly respond to the substance of the allegation."  Fed.R.Civ.P. 8(b)(2).  A party denying part of an allegation must specifically admit to the part that is true and deny the remainder.  Fed.R.Civ.P. 8(b)(4).  Finally, "a party that lacks knowledge or information sufficient to form a belief about the truth of an allegation, must so state…"  Fed.R.Civ.P. 8(b)(5).

> "[Rule 8(b)] identifies only three alternatives as available for use in an answer to the allegations of a complaint: to admit those allegations, to deny them or to state a disclaimer (if it can be made in the objective and subjective good faith demanded by Rule 11) in the express terms of the second sentence of Rule 8(b), which then entitles the pleader to the benefit of a deemed denial."

*King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc.*, 180 F.R.D. 332, 333 (N.D.Ill. 1998) (Shadur, J.).

2.       In contravention of the rules, the City of Chicago has submitted an improper answer to a complaint – basically stating that Defendant is uncertain as to certain terms in the complaint. As a result, Defendant's City's responses to the specified paragraphs should be stricken and the allegations deemed admitted.

3.       In response to paragraphs 11-14, the City made the following answer, in part: "Defendant City is without knowledge or information as to the meaning of the vague term "physical contact" as used by plaintiff in paragraph 11, [12, 13, and 14] and it therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations." Exhibit A, Defendant City of Chicago's Answer to Plaintiff's First Amended Complaint at Law.

4.       In response to paragraph 22, the City made the following answer, in part: "Defendant City is uncertain as to what plaintiff meant or intended in using the vague and argumentative term "strong likelihood," and it therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 22." Ex. A.

5.       In response to paragraphs 25, 28, and 31, the City made the following answer, in part: "Defendant City is uncertain as to the meaning of the vague term "no reasonable reason" as used by plaintiff in paragraph 25, [28, and 31,] and it therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of any allegations relying on that term." Ex. A.

6.       Clearly, these answers are neither a denial nor admission. While a party is permitted to assert that they are without knowledge or information sufficient to form a belief as to the truth

of an allegation, this limited alternative does not apply to these paragraphs. The Defendant cannot assert these responses in good faith compliance with Rule 11.

7.      The Defendant City is quite capable of understanding the simple layman's terms, "physical contact," "strong likelihood," and "no reasonable reason." These are neither legal conclusions nor factual assertions within the knowledge and control of someone else. The Rule refers to "form[ing] a belief," not knowing with certainty. The Defendant City certainly has enough understanding of these terms sufficient to form a belief as to their truth. The portion of the Rule allowing for this answer was not meant to be abused thus to avoid answering. Following the City Defendant's example, a party could avoid admitting anything in their answer by claiming to lack information to understand any term it so chose. Clearly, that is not an appropriate application of the Federal Rules regarding answering a pleading.

8.      Compare this to the City's answer to paragraph 2 in which Plaintiff asserts he is a resident of the State of Illinois and of the United States. (Ex. A.) In that case, it is appropriate for Defendant City to respond as they have, as they may not know the status of Plaintiff's residency; however, even in that response, the City admitted that the police reports indicate the plaintiff gave a home address of Harvey, Illinois. This demonstrates the City's ability to respond with an admission or denial to that portion of the allegation of which they do have knowledge or information.

9.      Furthermore, contrast the Defendant City's answer to paragraph 5 (Ex. A), in which the City was fully capable of articulating an answer denying and admitting certain things in response to allegations that the Defendant Officers engaged in an "unreasonable seizure," a far more sophisticated term than "physical contact," "strong likelihood," or "reasonable reason."

10.    If Defendant City maintains that it does not understand the term "physical contact," it could have answered with an admission or denial as to its own term, such as "touched," that it does understand.  This demonstrates the senselessness and impropriety of the City's answers asserting a lack of understanding of these terms.

11.    Plaintiff asks that this Court strike the answers to the allegations in paragraphs 11-14, 22, 25, 28, and 31 and have same deemed admitted for non-compliance with the Federal Rules of Civil Procedure.  *See King Vision Pay Per View*, 180 F.R.D. at 334.  Plaintiff also requests that this Court award attorney fees for having to file the instant motion.

12.    Plaintiff further directs this Court to the City's answer to Plaintiffs' allegation 5.  In that vein, the City states that it lacks information regarding unnamed "other officers and/or employees."  (Ex A.)  However, paragraph 5 does not contain allegations regarding "other officers and/or employees" and this response is therefore inapplicable and immaterial.  Plaintiff asks this Court to strike said portion of the answer.

WHEREFORE, Plaintiff prays that this Court strike the answers to the allegations in paragraphs 5, 11-14, 22, 25, 28, and 31 and have same deemed admitted and award Plaintiff attorney fees for having to present this motion.

Respectfully submitted,

s/Amanda S. Yarusso
Amanda S. Yarusso
One of the Attorneys for Plaintiffs

HORWITZ, RICHARDSON & BAKER, LLC
20 South Clark St., Suite 500
Chicago, IL  60603
Tel: 312-676-2100
Fax: 312-372-7076
ayarusso@hrbattorneys.com