**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAVANCE WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.:  08 C 915 |
| ) | |
| OFFICER D. BROWN #15887, OFFICER J. ) | Judge Wayne R. Andersen |
| FRANKLIN #15170, OFFICER A. ) | |
| RAYMOND #129, UNKNOWN ) | Magistrate Judge Sidney Schenkier |
| DEFENDANT OFFICERS, and the CITY OF ) | |
| CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S RESPONSE TO
PLAINTIFF'S MOTION TO STRIKE CERTAIN ANSWERS**

NOW COMES defendant, City of Chicago ("City"), by its attorney, Terrence M. Burns of Dykema Gossett PLLC, and in response to plaintiff's motion to strike the City's answer to paragraphs 5, 11-14, 22, 25, 28 and 31 of the first amended complaint, states as follows:

1. Plaintiff asks this Court to strike certain paragraphs of the City's answer to plaintiff's first amended complaint. (Motion to Strike, Dkt. #50). Unfairly taking out of context only portions of the City's responses, plaintiff claims certain of the City's answers violate Rule 8 of the Federal Rules of Civil Procedure. As set forth below, a review of each of the City's complete answers reveals the lack of merit in plaintiff's unfounded and antagonistic motion.

2. The City's response will rely on the exact same authority identified in plaintiff's motion. Rule 8(b) of the Federal Rules of Civil Procedure, in part, requires the following: the defendant must admit or deny the allegations asserted against it; a defendant that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest; and, a defendant lacking knowledge or information sufficient to form a belief about the truth of an allegation must say so. Fed.R.Civ.P. 8(b)(1), (4), and (5). As further explained by Judge Shadur:

> [Rule 8(b)] identifies only three alternatives as available for use in an answer to the allegations of a complaint: to admit those allegations, to deny them or to state a disclaimer (if it can be made

> in the objective and subjective good faith demanded by Rule 11) in
> the express terms of the second sentence of Rule 8(b), which then
> entitles the pleader to the benefit of a deemed denial.

*King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc.*, 180 F.R.D. 332, 333 (N.D. Ill. 1998). Review of each of the complained-of answers reveals the City has done precisely what Rule 8 requires. The City has admitted or denied those portions of the allegations it could properly respond to, stated a disclaimer (the City lacks knowledge or information sufficient to form a belief as to the truth) for the remaining allegations, and set forth the good faith basis for that disclaimer.

3. Plaintiff initially complains about paragraphs 11, 12, 13, and 14 of the City's answer. The City's responses to those paragraphs admit certain facts about the police officer who is the subject of the allegation. The City then states it is without knowledge or information as to the meaning of the vague term "physical contact" as used by plaintiff in the paragraph, and then asserts a disclaimer as to allegations relying on that term. Arguably exceeding Rule 8's requirements, the City further admits the subject police officer participated in the arrest of plaintiff on the date in question. Nowhere does plaintiff's motion mention or even acknowledge the City's admissions, thereby creating a misleading and incomplete "answer" which plaintiff then attacks. The City's *complete* answers to paragraphs 11, 12, and 13 fully and fairly comply with Rule 8.

4. The City's answers to paragraphs 11, 12, and 13 admit the straightforward allegations against the officers in question. The City's answer to paragraph 14 is only slightly different. It cannot include any admission about the subject police officers since the allegations are asserted against "unknown" and unnamed officers. The City properly includes a disclaimer as to those non-specific allegations. Plaintiff's objections to the City's answers to paragraphs 11 through 14 are without merit.

5. Plaintiff's motion then suggests the term "physical contact" is not vague or ambiguous. The City disagrees. The spectrum of potential "physical contact" in a §1983 action theoretically could range anywhere from "touching" (as suggested in plaintiff's motion), to a physical altercation during an arrest, to an alleged beating while in custody, to a police shooting. Each incident provides an example of "physical contact" that could occur between an officer and a plaintiff. Indeed, there are numerous other types of "contact" that fall within such a range. It is

not a defendant's obligation to guess or anticipate which or how many of these types of "physical contact" might be contemplated by a plaintiff, and then admit or deny every potential form.

6. Plaintiff's motion suggests the City could have clarified its answer by using the term "touch" instead of "physical contact." If plaintiff meant or intended the term "touch," he should have used that word in his complaint. A defendant should not be compelled to rewrite a plaintiff's complaint wherever it is imprecise, vague or ambiguous. Moreover, the City *has* attempted, in good faith, to respond to the allegations of paragraphs 11, 12, and 13 in the context of plaintiff's first amended complaint. The City's answers to these paragraphs identify and acknowledge a particular type of contact between the defendant police officers and plaintiff. Specifically, each of these answers contain an admission that the subject officer participated in the arrest of plaintiff on the date in question. The City has not "avoided answering" the allegation; to the contrary, the City in good faith has gone beyond asserting a simple disclaimer, which would have been sufficient in and of itself, to provide plaintiff with a more detailed answer. Not surprisingly, plaintiff's motion fails to mention or discuss this aspect of the City's answers to paragraphs 11, 12, and 13.

7. Plaintiff's objection to the City's answer to paragraph 22 is similarly without merit. Plaintiff alleges defendant officers have been trained that upon the signing of a criminal complaint, "there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint." In addition to being confusing and inartfully worded, paragraph 22 contains the vague and argumentative term "strong likelihood." The City's answer points out its uncertainty as to what plaintiff meant or intended by using such a term, and then asserts a disclaimer based on that uncertainty. A term like "strong likelihood" is clearly argumentative and subject to many levels of interpretation. Does plaintiff mean more than 50%? Does he mean more than 75%? In compliance with Rule 8, the City has admitted those portions of paragraph 22 that it reasonably could answer, asserted a disclaimer as to the remaining allegations, and provided the basis for its assertion of the disclaimer. This Court should decline plaintiff's attempt to saddle the City with the consequences of his vague, ambiguous, and argumentative pleading style.

8. Plaintiff's next objection focuses on the answers to paragraphs 25, 28, and 31. In these paragraphs, plaintiff uses the term "no reasonable reason." A review of the City's answers to these paragraphs again reveals full and complete responses in compliance with Rule 8(b). In

these answers, the City denies that the police officer in question falsified a police report concerning plaintiff. Since that allegations is the underlying premise of the paragraph, the entire paragraph properly can be denied. Nevertheless, Defendant City further points out its uncertainty as to the meaning of the term "no reasonable reason," and then asserts a disclaimer as to the allegations of the paragraph that rely on that term. Again, plaintiff's deliberate focus on only one portion of the answer while ignoring the remainder presents a misleading and incomplete picture to this Court. The City objects to this tactic and asks the Court to reject plaintiff's motion in no uncertain terms.

9. Finally, plaintiff complains about the City's answer to paragraph 5 on the basis that paragraph 5 does not contain allegations regarding "other officers and/or employees." The City did not just pull that phrase out of thin air. Paragraph 5 refers generally to "defendant officers," which might include the "unknown defendant officers" referenced in plaintiff's caption. Although paragraph 5 does not contain the term "other officers and/or employees," that term *is* included within paragraph 4 in plaintiff's listing of the City's alleged agents for purposes of the *Monell* claim. In an abundance of caution, the City included that term ("other officers and/or employees") in its response to paragraph 5. Even if surplusage, the City's reference to those "other officers and/or employees" in paragraph 5 simply clarifies that, because those individuals were not identified by plaintiff, the City lacks knowledge or information sufficient to form a belief as to the truth of any allegations concerning them. The City is baffled how such a response violates Rule 8.

10. Plaintiff's motion to strike is utterly without merit. The complete waste of time and money spent by the City in responding to the motion is bad enough. More egregiously, plaintiff requests attorney's fees related to its preparation and filing. The motion is entirely based on blatant mischaracterizations of the City's answers. Plaintiff's tactic is to simply take a portion of an answer out of context and make certain criticisms without any reference to or consideration of the remainder of the answer. Plaintiff's request to be awarded fees pursuant to such a motion is absurd. It is the City that should be awarded fees for having to respond to plaintiff's baseless motion.

11. In an effort to avoid unnecessary and unwarranted motion practice, counsel for the City, Paul Michalik, personally spoke with Amanda Yarusso, attorney for plaintiff, on August 27, 2008. Counsel for the City requested in good faith that plaintiff withdraw the motion

on the basis that it was without merit. Plaintiff refused to withdraw his motion and indicated his intention to proceed. For that reason, the City has now had to prepare this response, and it will strenuously oppose plaintiff's motion at the upcoming court hearing on September 4, 2008.

WHEREFORE, defendant, City of Chicago, requests that this Court deny plaintiff's motion to strike certain answers and to allow its answer to the first amended complaint to stand. Further, defendant City requests that this Court award the City's fees and costs for having to respond to plaintiff's motion.

Dated: September 3, 2008                                              Respectfully submitted,


                                                                      By: s/ Paul A. Michalik
                                                                      One of the Attorneys for Defendant,
                                                                      CITY OF CHICAGO

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Kimberly D. Fahrbach
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700 (telephone)
(312) 876-1155 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2008, I electronically filed the foregoing **Defendant City of Chicago's Response to Plaintiff's Motion to Strike Certain Answers** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Blake Wolfe Horwitz
Amanda Sunshine Yarusso
Abbas Merchant
Horwitz, Richardson & Baker, LLC
20 South Clark Street
Suite 500
Chicago, Illinois  60603
312.676.2100 (telephone)
312.372.7076 (facsimile)
lobh@att.net

                                                           s/ Paul A. Michalik
                                                           Paul A. Michalik

CHICAGO\2508206.1
ID\PAM